1 | Michael McShane (CA State Bar # 127944)
mmcshane@audetlaw.com
2 | Jason T. Baker (CA State Bar #212380)
jbaker@audetlaw.com
3 | AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
4 | San Francisco CA 94105
Telephone: 415.982.1776
5 | Facsimile: 415.568.2556

6 | *Lead Counsel for Plaintiffs*
*and the Proposed Class*
7 | *(Additional Counsel on Signature Page)*

E-filing

8

9

10 | **UNITED STATES DISTRICT COURT**

11 | **NORTHERN DISTRICT OF CALIFORNIA**

12

13 | MARIO CONTRERAS and MADELINE
HUNTER, on behalf of themselves and
14 | others similarly situated,

**09 — 6024**

15 | Plaintiffs,

CLASS ACTION COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF AND
RESTITUTION

16 | v.

17 | TOYOTA MOTOR SALES USA, INC.;
TOYOTA MOTOR NORTH AMERICA,
18 | INC.; NEW UNITED MOTOR
MANUFACTURING, INC. and DOES 1
19 | though 50,

JURY TRIAL DEMANDED

20 | Defendants.

21

22 | **NATURE OF THE CASE**

23 | 1. Plaintiffs Mario Contreras and Madeline Hunter bring this action on behalf of

24 | themselves and all others similarly situated persons who own or lease 2008, 2009 and 2010 Toyota

25 | Corolla, and Toyota Corolla Matrix and Scion xD vehicles with 1.8 liter engines [collectively "THE

26 | VEHICLES"] that suffer from a dangerous but undisclosed safety defect. THE VEHICLES are

27 | factory equipped with a vacuum-assisted brake system. Under certain driving conditions in low

28

1

1    temperatures, condensation from the crank case freezes in such a way that it blocks the suction port

2    for the brake vacuum, causing it to fail.

3    2.      When the vacuum assist fails, the car's brakes are much more difficult to apply.

4    Unbeknownst to the driver, stopping distance can be substantially increased.

5    3.      Defendants Toyota Motor Sales USA, Inc.; Toyota Motor North America, Inc.; New

6    United Motor Manufacturing, Inc. (collectively, "Toyota") is fully aware that THE VEHICLES are

7    susceptible to this brake failure. In fact, Toyota has issued a recall of some of THE VEHICLES for

8    this very defect. However Toyota's recall is limited to owners whose vehicles are currently

9    registered in 19 states [collectively the "recall states"].[1] This action is brought on behalf of

10   consumers who own or lease a VEHICLE that is, or was at the time of Toyota's recall, registered in

11   states other than the recall states (the "non-recall states").

12   4.      Instead of alerting consumers whose cars are registered in the non-recall states of this

13   safety hazard and offering to repair the defective vehicles, Toyota is concealing the problem from its

14   customers. As a result, owners and lessees of THE VEHICLES are subject to extremely dangerous

15   driving conditions. Toyota has failed to warn its customers that their vehicles are defective and their

16   brakes could fail to work properly at any time when they are driving in cold, icy and/or snowy

17   conditions in which defective brakes are particularly dangerous.

18   5.      Cars registered in non-recall states are driven in cold conditions, both in their state of

19   registration and in other states. Toyota did not warn Plaintiffs nor, on information and belief,

20   members of the proposed class, that the vehicles they were sold were defective and should not be

21   driven in cold weather nor sold to owners who drive in cold weather.

22   6.      As a result of the defect in THE VEHICLES' brake system, Plaintiffs and Members

23   of the Class have suffered damages.

24

25

26

27

28   [1] Toyota has issued a recall for vehicles currently registered in the following states: Alaska, Colorado, Idaho,
     Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New York,
     North Dakota, South Dakota, Vermont, Wisconsin, and Wyoming.

2

1

## PARTIES

2    7.    Plaintiff Mario Contreras is a citizen and resident of Los Angeles, California, in Los

3    Angeles County. Mr. Contreras purchased a 2009 Toyota Corolla with a 1.8 liter engine in Long

4    Beach, CA. His Toyota Corolla is registered in California.

5    8.    Plaintiff Madeline Hunter is a citizen and resident of Antioch, California in Contra

6    Costa County. She purchased a 2009 Toyota Corolla with a 1.8 liter engine. Her Toyota Corolla is

7    registered in California.

8    9.    Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") is a corporation organized

9    under the laws of the State of California and headquartered in Torrance, California. Toyota is the

10   U.S. sales, marketing, and distribution arm of its Japanese parent company, Toyota Motor

11   Corporation. Upon information and belief, relevant decisions to omit the non-recall states from the

12   recall and to conceal the fact that this defect is actually present in all of THE VEHICLES, regardless

13   of their state of registration, were made in California by agents and employees of Toyota Motor

14   Sales, U.S.A., Inc.

15   10.   Toyota Motor North America, Inc., a corporation headquartered in New York, New

16   York, is a wholly owned subsidiary of Toyota Motor Corporation. It is the holding company for all

17   of its parent's North American operations. Toyota North America, Inc., designs, manufactures and

18   distributes Toyota its vehicles throughout the United States, and it sold THE VEHICLES to Plaintiff

19   and the members of the class.

20   11.   Defendant New United Motor Manufacturing, Inc. ("NUMMI") is a manufacturing

21   division of Toyota Motor North America, located in Fremont, California in the County of Alameda.

22   Vehicles manufactured at the NUMMI plant have been sold and distributed to various states

23   throughout the United States.

24   ## JURISDICTION AND VENUE

25   12.   This is a class action.

26   13.   Members of the proposed Plaintiffs' class are citizens of California and other states

27   different from the home state of Defendant Toyota Motor North America, Inc.

28

3

14.     Upon information and belief, the aggregate claims of individual Class Members exceed $5,000,000, exclusive of interest and costs.

15.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(d).

## VENUE

16.     Defendants, through their business of manufacturing, distributing, selling, and leasing vehicles to and in California have established sufficient contacts in this district such that they are subject to personal jurisdiction here. Defendants are deemed to reside in this district pursuant to 28 U.S.C. §1391(a).

## APPLICABLE LAW

17.     California State law applies to all claims in this action.

## SUBSTANTIVE ALLEGATIONS

18.     Toyota promotes, sells, markets, and distributes automobiles in the United States sold under the "Toyota" brand name. These vehicles include the "Corolla" brand which is one of the top selling brands in the world. In 2008 alone, Toyota sold more than 351,000 Corolla vehicles in the U.S.

19.     This lawsuit concerns 2008, 2009 and 2010 model year Corolla, Corolla Matrix; Scion and Scion xD vehicles equipped with 1.8 liter engines. For those vehicles, condensation from positive crankcase ventilation can seep into the suction port for the brake vacuum and freeze, blocking the suction port.

20.     Once the suction port for the brake vacuum port becomes blocked or partially blocked, the driver unexpectedly is required to apply more pressure to the brake, and the stopping distance of the vehicle is dangerously increased.

21.     Toyota has a duty to disclose this brake defect to owners and lessees of THE VEHICLES because the defect poses an unreasonable safety hazard, because Toyota has exclusive knowledge or access to the material facts and has known that these facts were not known or reasonably discoverable by the Plaintiffs or the Class members, and because Toyota has actively concealed the defect from its non-recall-state customers.

**The Brake Defect Poses An Unreasonable Safety Hazard.**

22.     The defective brake system poses an unreasonable safety risk for class members as well as the drivers, passengers, and pedestrians sharing the road with Class Vehicles. Brakes are, of course, critical safety features. A defect that creates a propensity for brakes to fail, or to not work as well as a driver is used to, and other drivers might expect, unreasonably increases the risk of automobile accidents, injury and death.

**Toyota Has Exclusive Knowledge Of The Brake Defect.**

23.     All of THE VEHICLES have this brake defect. However, Toyota has offered a recall only where the owners' vehicle is currently registered in one of the 19 states where Toyota assumes there to be sufficiently cold weather to trigger this defect.

24.     Toyota had superior and exclusive knowledge of the brake defect, and knew that the defect was not known or reasonably discoverable by the Plaintiffs and Class members prior to their purchase or lease of THE VEHICLES.

25.     Only Toyota had access to information about the risk of brake failure in THE VEHICLES in cold weather driving.

26.     Toyota failed to disclose, at and after the time of purchase or lease and repair defects in the brake system and that THE VEHICLES were defective and not fit for their intended purpose.

27.     Whether a vehicle has a brake system that is defective and could fail under certain weather and driving conditions is a fact that would be considered material by a reasonable consumer deciding whether to purchase or lease a vehicle.

28.     Had Plaintiffs and other class members known of the brake defect, they would not have bought or leased THE VEHICLES, or would have paid a lower price to purchase or lease a vehicle that could safely be driven only in areas with certain temperatures ranges.

29.     Plaintiffs and any reasonable consumer expect and assume that a vehicle's brake system is safe and will not suddenly fail during use if the weather gets too cold.

30.     Plaintiffs and reasonable consumers further expect and assume Toyota will not sell or lease vehicles with known safety defects, such as the brake defect, and will disclose any such defect to its consumers when it learns of the defect.

5

1      31.        Plaintiffs and consumers do not expect Toyota to conceal a brake defect from them

2  based on the state where their car is registered and Toyota's preconceived and incorrect assumptions

3  about the weather in the state of registration or in any other state where the car may be driven or

4  permanently relocated.

5  **Toyota Has Actively Concealed The Brake Defect.**

6      32.        Toyota has actively concealed the brake defect from Plaintiffs and Class members.

7      33.        Toyota has notified and is notifying owners in the 19 states where it has issued a

8  recall, but it has failed to tell any consumers whose vehicles are registered in non-recall states that

9  their vehicles have this defect.

10      34.        Worse, Toyota Motor North America wrote a letter on September 2, 2009 to the

11  National Highway Traffic Safety Administration regarding the brake defect in which it falsely

12  asserted that "only vehicles registered [in the 19 recall states] are affected". This is a false statement

13  that was designed to mislead and in fact has and will mislead consumers whose cars are registered in

14  non-recall states, including California, and whose vehicles are defective.

15      35.        As a result of Toyota's practices, Plaintiffs and Class members purchased THE

16  VEHICLES which they otherwise would not have purchased, or for which they would have paid a

17  lower purchase price if they had known of the safety defect in THE VEHICLES.

18  ## CLASS ACTION ALLEGATIONS

19      36.        Plaintiffs bring this action on behalf of themselves and a class of persons similarly

20  situation as members of a proposed Plaintiff Class pursuant to Federal Rules of Civil Procedure 23(a)

21  and (b)(3). The action satisfies the numerosity, commonality, typicality, adequacy, predominance

22  and superiority requirements of those provisions.

23      37.        The Class is initially defined as follows:

24                       All United States residents who own or lease a 2008-2010 model year
                     Toyota Corolla; Toyota Corolla Matrix, or Scion xD with a 1.8 liter

25                       engine and a vacuum assisted brake system, except those residents
                     whose vehicle was, at the time of Toyota's recall, registered in any of

26                       the following states: Alaska, Colorado, Idaho, Illinois, Iowa,
                     Kansas, Maine, Michigan, Minnesota, Montana, Nebraska,

27                       Nevada, New Hampshire, New York, North Dakota, South Dakota,
                     Vermont, Wisconsin, and Wyoming.

28

6

1    Also excluded from the Class are Toyota; any affiliate, parent, or

2    subsidiary of Toyota; any entity in which Toyota has a controlling interest, any

3    officer, director, or employee of Toyota; any successor or assign of Toyota;

4    anyone employed by counsel for Plaintiffs in this action; and any Judge to whom

5    this case is assigned as well as his or her immediate family.

6    38.    Claims for personal injury are specifically excluded from the class.

7    39.    Numerosity: Toyota has sold hundreds of thousands of Class Vehicles in the

8    United States, a substantial portion of those occurring in California. Class members therefore

9    number in the thousands, and are far too numerous to be individually joined in this lawsuit.

10·   40.    Existence and Predominance of Common Questions: Common questions of law

11   and fact exist as to all members of the class and predominate over questions affecting only

12   individual class members. These common questions include the following:

13       a.  whether Class Vehicles suffer from the brake defect;

14       b.  whether the brake defect constitutes an unreasonable safety risk;

15       c.  whether Toyota knows about the defect and, if so, how long Toyota has known of

16           the defect;

17       d.  whether the defective nature of the brake system constitutes a material fact to the

18           reasonable objective consumer;

19       e.  whether Toyota has a legal duty to disclose the defective nature of the brake to

20           Plaintiffs and Class members;

21       f.  whether Toyota has violated the Consumers Legal Remedies Act, Civ. Code

22           §1750 et seq., as alleged in this complaint;

23       g.  whether Toyota has engaged in unlawful, unfair, or fraudulent business practices

24           in violation of Business and Professions Code section 17200 *et seq.*, as alleged in

25           this complaint;

26       h.  whether Plaintiffs and the other class members are entitled to equitable relief,

27           including but not limited to a preliminary and/or permanent injunction.

28

7

41.     Typicality: Plaintiffs' claims are typical of the claims of the class, because, among other things, Plaintiffs each purchased a Class Vehicle, which contains the same brake defect found in all other Class Vehicles.

42.     Adequacy: Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of members of the class will be fairly and adequately protected by Plaintiffs and their counsel.

43.     Superiority: The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Toyota economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing myriad actions arising from the brake defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44.     In the alternative, the class may be certified because:

    a.  the prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual class members which would establish incompatible standards of conduct for Toyota;

    b.  the prosecution of separate actions by individual class members would create a risk of adjudication with respect to them which would, as a practical matter, be dispositive of the interests of other class members not parties. to the adjudication, or substantially impair or impede their ability to protect their interests; and

8

1          c.    Toyota has acted or refused to act on grounds generally applicable to the class,

2               thereby making appropriate final and injunctive relief with respect to the members of

3               the class as a whole.

4

5

**FIRST CLAIM FOR RELIEF**
**Violation of the Consumers Legal Remedies Act,**
**Civ. Code §§ 1750, *et seq.***

6      45.      Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully

7 set forth, each and every allegation set forth herein.

8      46.      Toyota is a "person" within the meaning of Civil Code sections 1761 (c) and 1770,

9 and provided "goods" within the meaning of California Civil Code sections 1761(b) and 1770.

10      47.      Plaintiffs and members of the class are "consumers" within the meaning of Civil

11 Code sections 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil

12 Code sections l761(e) and 1770.

13      48.      As set forth herein, Toyota's acts and practices, undertaken in transactions intended to

14 result and which did result in the sale or lease of Class Vehicles, violate section 1770 of the

15 Consumers Legal Remedies Act in that: (a) Toyota represents that its goods have sponsorship,

16 approval, characteristics, uses or benefits which they do not have; (b) Toyota advertises its goods

17 with intent not to sell them as advertised; and (c) Toyota represents that its goods have been supplied

18 in accordance with a previous representation when they have not.

19      49.      The acts and practices engaged in by Toyota that violate the Consumers Legal

20 Remedies Act include failing to disclose, at the point of sale, lease or otherwise, that the brake

21 system is defective and poses a safety hazard.

22      50.      Had Toyota adequately disclosed information about the brake defect,

23 Plaintiffs, Class members, and a reasonable consumer would not have bought or leased a Class

24 Vehicle, or they would have paid less for a vehicle that is unsafe in certain weather conditions.

25      51.      Prior to the filing of this Complaint, Plaintiffs complied with the requirements of

26 California Civil Code §1782 *et seq.*, including sending a letter to Defendants demanding that they

27 repair the defect and deceptive practices.

28

52.     On November 12, 2009, plaintiffs' counsel sent letters to defendants by certified mail, return receipt requested, that contained notice of defendants' violation of the California Consumers Legal Remedies Act and demand for remedy by defendants. True and correct copies of those letters and the certified mail receipts are attached as Exhibits 1 and 2, respectively.

53.     More than 30 days have passed since plaintiffs sent the letters and to date they have failed to fully remedy their violations of the California Consumers Legal Remedy Act.

54.     By reason of the above-referenced violations of the California Consumers Legal Remedies Act, plaintiffs and others similarly situated have suffered damages in that they paid thousands of dollars for vehicles that were defective and are worth substantially less than they would have been absent the defects.

55.     The aforementioned violations of the California Civil Code by defendants were willful and oppressive. Plaintiffs are therefore entitled to punitive damages.

56.     Pursuant to the provisions of California Civil Code § 1780, Plaintiffs seek an order enjoining Toyota from the unlawful practices described herein, a declaration that Toyota's conduct violates the Consumers Legal Remedies Act, and attorneys' fees and costs of litigation.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty)

57.     Plaintiffs re-allege and incorporate herein by reference Paragraph 1 through Paragraph 44 as if fully set forth.

58.     Defendants designed, developed, tested, manufactured, distributed, marketed, and sold the VEHICLES for sale to end users, including Plaintiffs and the class, to drive without specific geographic restrictions.

59.     Defendants included an express warranty that was relied upon by Plaintiffs and class members in selecting the VEHICLES.

60.     Defendants provided a defective product and failed to properly inspect, test, and identify brake defects.

61.     But for Defendants' conduct alleged herein and their breach of express warranty, Plaintiffs and the Class would not have suffered the damages and losses alleged herein.

1     62.     As a direct and proximate result of Defendants' breach of express warranty, the

2 Plaintiffs and the Class have sustained, are sustaining, and will sustain damages and losses as alleged

3 herein.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranty)

6     63.     Plaintiffs re-allege and incorporates herein by reference Paragraphs 1 through

7 Paragraph 44 as if fully set forth.

8     64.     Defendants designed, developed, tested, manufactured, distributed, marketed, and

9 sold the vehicles for sale to end users including Plaintiff and the class.

10     65.     Defendants impliedly warranted that the VEHICLES were properly designed,

11 developed, tested, manufactured, distributed, marketed, and sold and that the designs and materials

12 were proper and of first-class and workmanlike quality.

13     66.     Plaintiffs and the Class relied upon said warranties and believed that said designs,

14 work, and materials were of first-class workmanlike quality and fit for the intended use and purpose

15 of a consumer vehicle to be driven with no geographic or weather restrictions.

16     67.     Defendants breached said warranty by designing, developing, manufacturing,

17 distributing, marketing, and selling the defective VEHICLES, which were defective and not fit for

18 their intended use.

19     68.     Defendants provided defective vehicles and failed to properly inspect, test, and

20 identify brake system defects.

21     69.     But for Defendants' conduct alleged herein and their breach of implied warranty,

22 Plaintiffs and the Class would not have suffered the damages and losses alleged herein.

23     70.     As a direct and proximate result of Defendants' breach of implied warranty, the

24 Plaintiffs and the Class have sustained, are sustaining, and will sustain damages and losses as alleged

25 herein.

11

1

2

### FOURTH CLAIM FOR RELIEF
(Unlawful Business Practices: Violation of California
Bus. & Prof. Code §§ 17200, *et seq*).

3      71.      Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully

4    set forth, each and every allegation set forth herein. Toyota's acts and practices, as alleged in this

5    complaint, constitute unlawful business practices, in violation of the Unfair Competition Law, Cal.

6    Bus. & Prof. Code § 17200, *et seq.*

7      72.      California Business & Professions Code §17200 prohibits acts of unfair competition,

8    including any "unlawful" business practices.

9      73.      Toyota engaged in unlawful business practices by violating the Consumers Legal

10    Remedies Act, Civil Code sections 1750 *et seq* as noted above.

11      74.      The business practices engaged in by Toyota that violate the Unfair Competition Law

12    include, failing to disclose, at the point of sale/lease or otherwise, that the brake system is defective

13    and poses a safety hazard, and by failing to repair or replace the defective vehicles.

14      75.      Plaintiff and the Class reasonably expected the Brake system in their vehicles to be

15    free of dangerous defects, regardless of where their vehicle was registered.

16      76.      As a direct and proximate result of Toyota's unlawful, unfair and fraudulent business

17    practices as alleged herein, Plaintiffs and Class members have suffered injury in fact and lost money

18    or property, in that they purchased or leased Class Vehicles they otherwise would not have, or they

19    paid more than they otherwise would have paid had they known that the brakes in these vehicles

20    were defective. Plaintiffs and proposed Class Members are left with Class Vehicles of diminished

21    value and utility because of the brake system defect. Meanwhile, Toyota has sold more Class

22    Vehicles than it otherwise could have and charged inflated prices for Class Vehicles, unjustly

23    enriching itself thereby.

24      77.      Plaintiffs and Class members are entitled to equitable relief, including restitution of

25    all fees, restitutionary disgorgement of all profits accruing to Toyota because of its unlawful, unfair

26    and fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent

27    injunction enjoining Toyota from its unlawful, unfair, fraudulent and deceitful activity.

28

1
2

**FIFTH CLAIM FOR RELIEF**
**(Unfair Business Practices: Violation California**
**Bus. & Prof. Code §§ 17200, *et seq).***

3   78.   Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully

4   set forth, each and every allegation set forth herein. Toyota's acts and practices, as alleged in this

5   complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair

6   Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

7   79.   California Business and Professions Code § 17200, *et seq* prohibits acts of "unfair

8   competition," which includes any "unfair" business practices.

9   80.   Toyota engaged in unfair business practices by failing to disclose to Plaintiffs and the

10   Class the defects inherent in THE VEHICLES, and, among other things:

11   a.   Engaging in conduct where the utility of that conduct is outweighed by the gravity of

12   the consequences to Plaintiffs and other members of the class;

13   b.   Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or

14   substantially injurious to Plaintiffs and other members of the class; and

15   c.   Engaging in conduct that undermines or violates the stated policies underlying the

16   CLRA, which seeks to protect consumers against unfair and sharp business practices

17   and to promote a basic level of honesty and reliability in the marketplace.

18   81.   As a direct and proximate result of Toyota's unlawful, unfair and fraudulent business

19   practices as alleged herein, Plaintiffs and Class members have suffered injury in fact and lost money

20   or property, in that they purchased or leased Class Vehicles they otherwise would not have, or they

21   paid more than they otherwise would have paid had they known that the brakes in these vehicles

22   were defective. Plaintiffs and proposed Class Members are left with Class Vehicles of diminished

23   value and utility because of the brake system defect. Meanwhile, Toyota has sold more Class

24   Vehicles than it otherwise could have and charged inflated prices for Class Vehicles, unjustly

25   enriching itself thereby.

26   82.   Plaintiffs and Class members are entitled to equitable relief, including restitution of

27   all fees, restitutionary disgorgement of all profits accruing to Toyota because of its unlawful, unfair

28

1  and fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent

2  injunction enjoining Toyota from its unlawful, unfair, fraudulent and deceitful activity.

3
                              **SIXTH CLAIM FOR RELIEF**
                   **(Fraudulent Business Practices: Violation California**
4                        **Bus. & Prof. Code §§ 17200, et seq).**

5      83.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully

6  set forth, each and every allegation set forth herein. Toyota's acts and practices, as alleged in this

7  complaint, constitute fraudulent business practices, in violation of the Unfair Competition Law, Cal.

8  Bus. & Prof. Code § 17200, *et seq.*

9      84.     California Business and Professions Code § 17200, *et seq* prohibits acts of "unfair

10  competition," which includes any "fraudulent" business practices.

11     85.     Toyota engaged in fraudulent business practices by engaging in conduct that was and

12  is likely to deceive a reasonable consumer.

13     86.     Plaintiff and the Class reasonably expected the Brake system in their vehicles to be

14  free of dangerous defects, regardless of where their vehicle was registered.

15     87.     In failing to disclose the defects in the VEHICLES and in giving the false impression

16  that only vehicles that were registered in certain states were defective, Toyota knowingly and

17  intentionally and repeatedly concealed material facts and breached their duty not to conceal facts.

18     88.     As a direct and proximate result of Toyota's fraudulent practices, Plaintiffs and the

19  Class have suffered and will continue to suffer actual damages.

20     89.     Toyota has been unjustly enriched and should be required to make restitution to

21  Plaintiff and the Class pursuant to California Business and Professions Code Sections 17203 and

22  17204.

23                                    **PRAYER**

24     WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, prays for judgment

25  as follows:

26     a.  For an order certifying the Class and appointing Plaintiffs and their counsel to represent

27         the Class;

28

                                      14

b. For an order awarding compensatory and punitive damages to the plaintiffs and the class as a result of defendants' violation of the California Consumer Legal Remedies Act;

c. For an order awarding Plaintiffs and the members of the Class restitution, or other equitable relief as the Court deems proper;

d. For an order enjoining Toyota from continuing to engage in unlawful business practices, as alleged herein;

e. For an order awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest;

f. For an order awarding Plaintiffs and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

g. For an order awarding such other and further relief as this Court may deem just and proper.

DATED: December _23_, 2009

By: _____
Michael McShane
Jason T. Baker
Audet & Partners LLP.
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

Michael F. Ram
SB #104805
Ram & Olson, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 414.433.4949
Facsimile: 415.433.7311

Robert K. Shelquist, Esquire
Lockridge Gridanl Nauen, PLLP
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
E-mail: rkshelquist@locklaw.com

Charles J. LaDuca, Esquire
Alexandra C. Warren, Esquire
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, DC 20002
Tel:   (202) 789-3960
Fax:   (202) 789-1813
E-mail: charlesl@cuneolaw.com

**Class Action Complaint**

Exhibit 1

# Audet & Partners, LLP

Attorneys-at-Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

November 12, 2009

## VIA CERTIFIED MAIL

New United Motor Manufacturing, Inc. / Toyota
45500 Fremont Boulevard
Fremont, CA 94538

     Re:    Consumers Legal Remedies Act – Demand for Repair of Brake Defect

To Whom It May Concern:

     **PLEASE TAKE NOTICE** that this letter constitutes notice under the California Consumers Legal Remedies Act, ("CLRA") California Civil Code Section 1750, *et seq.*, (the "ACT") – pursuant specifically to Civil Code Section 1782 – notifying Toyota of violations of the Act and of our clients' demand that you remedy such violation within 30 days from your receipt of this letter on behalf of all United States residents who own or lease a 2008-2010 model year Toyota Corolla, Toyota Corolla Matrix, Scion xD, or Pontiac Vibe with a 1.8 liter engine and a vacuum assisted brake system, except those residents whose vehicle was, at the time of Toyota's recall, registered in any of the following states: Alaska, Colorado, Idaho, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New York, North Dakota, South Dakota, Vermont, Wisconsin, and Wyoming.

     Our law firm represents two class representatives who purchased 2009 Toyota Corollas with 1.8 liter engines. Each of these vehicles is registered in California. Each of their Corollas has the same defective brake system for which Toyota has issued a recall for vehicles registered in certain other states. However our clients have been unable to get Toyota or its agents to repair this defect in their vehicles.

     The sale of these defective vehicles, your failure to disclose the material safety defect and your subsequent failure to remedy this defect are unfair business practices. This violates a number of California laws, including the Consumers Legal Remedies Act.

Toyota Motor Sales USA, Inc
November 12, 2009
Page 2

The alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

1. Representing that goods have characteristics, uses and benefits which they do not have;

2. Representing that goods are of a particular standard, quality, or grade, if they are of another; and

3. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

Toyota has failed to honor its consumer protection obligations and has failed to repair the vehicles as requested. We would like to resolve this matter with Toyota on a class basis now. Please repair our clients' vehicles and the other similarly defective vehicles you have manufactured, advertised and/or sold but have not recalled.

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, which are available for a violation of the Consumers Legal Remedies Act.

1. The actual damages suffered;

2. An order enjoining you for such methods, acts or practices;

3. For restitution of property (when applicable);

4. Punitive damages;

5. Any other relief which the court deems proper; and

6. Court costs and attorneys' fees.

Thank you for your time and consideration in this matter.

Very truly yours,

Jason T. Baker
Jason Baker

cc:     Toyota Motor North America, Inc.
        Toyota Motor Sales, U.S.A., Inc.

Exhibit 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name ) | C. Date of Delivery

1. Article Addressed to:

TOYOTA Motor Sales, USA Inc.
19001 South Western Ave
Torrance, CA 9050)

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

TORRANCE, CA 90501

| | |
|---|---|
| Postage | $ $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.54 |

Postmark Here   11/12/2009

Sent To
TOYOTA Motor Sales, USA, Inc.
Street, Apt. No.; or PO Box No.
19001 South Western Ave
City, State, ZIP+4
Torrance, CA 9050)

7008 0150 0001 0711 4375

PS Form 3800, August 2006     See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

New United Motor Manufacturing
45500 Fremont Blvd.
Fremont, CA 94538

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

FREMONT CA 94538

7008 0150 0001 0911 4368

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

Postmark Here
11/12/2009

Sent To
New United Motor Manufacturing, Inc. Toyota
Street, Apt. No.; or PO Box No.  45500 Fremont Blvd.
City, State, ZIP+4  Fremont, CA 94538

PS Form 3800, August 2006    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

T. Mineyama

1. Article Addressed to:

TOYOTA Motor North America
Washington office
601 Thirteen St. NW # 910 South

Washington DC, 20005

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

WASHINGTON DC 20005

| | |
|---|---|
| Postage | $   $0.44   0019 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $   $5.54 |

7008 0150 0001 0911 4382

Sent To TOYOTA Motor North America Washington office
Street, Apt. No.;
or PO Box No. 601 Thirteen St. NW # 910 South
City, State, ZIP+4 Washington, DC 20005

PS Form 3800, August 2006   See Reverse for Instructions