IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CONTRERAS and MADELINE HUNTER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>TOYOTA MOTOR SALES USA, INC., and DOES 1 through 50,<br><br>    Defendants.<br>_____/ | No. C 09-06024 JSW<br><br>**NOTICE OF TENTATIVE AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 15, 2010, AT 9:00 A.M.

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or

of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively reserves issuing a tentative ruling on the motion to dismiss and tentatively grants, in part, the motion to strike.**

1. Plaintiffs do not allege that they suffered any personal injuries as a result of the alleged defects in the Vehicles. Rather, Plaintiffs rely solely on a "benefit of the bargain" theory to support their alleged injuries and damage.

   a. Plaintiffs do not address Toyota Motor Sales USA, Inc.'s ("TMS") argument that such a theory does not satisfy Article III standing requirements. How do Plaintiffs respond to the numerous cases cited by TMS at pages 6-8 of its brief, that the facts alleged do not demonstrate they have standing? *See, e.g., Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-60 & n.4, 961-62 (9th Cir. 2009) (concluding plaintiffs lacked standing under Section 17200 but noting that plaintiffs also "would lack an Article III injury in fact"); *Whitson v. Bumbo*, 2009 WL 1515597 at *5-*6 (N.D. Cal. Apr. 16, 2009) (finding that plaintiff did not have standing to pursue claims under a benefit of the bargain theory).

   b. How would TMS distinguish *Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) (concluding plaintiffs sufficiently alleged standing where plaintiffs claimed to have suffered economic harm at moment he or she purchased defective vehicle) and *Sanchez v. Wal-Mart Stores, Inc.*, 2008 WL 3272101, at *2-*3 (E.D. Cal. Aug. 6, 2008) (denying motion for summary judgment for lack of standing and finding disputed issue of fact as to whether plaintiff "'lost money' because she possessed a less valuable stroller than that for which she bargained due to an alleged defect" that defendant did not disclose).

2. Are Plaintiffs withdrawing their claim for breach of express warranty? (*See* TMS Reply at 8:25-9:8.) If not, which paragraphs in the Amended Class Action Complaint provide the factual basis for this claim?

3. What additional facts, if any, would Plaintiffs add to a further amended complaint?

4.  Are there any other issues the parties wish to address?

    **IT IS SO ORDERED.**

Dated: June 9, 2010

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE